IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| --- | --- | --- |
| | : | |
| v. | : | |
| | : | |
| SHAKIRA WILLIAMS. | : | No. 03-0776-02 |

MEMORANDUM OPINION

AND NOW, this 9th day of May, 2011, upon consideration of the issues of law raised in Defendant Shakira Williams's Sentencing Memorandum Addressing Statutory Maximum (Doc. No. 146), the United States's Response (Doc. No. 149), Defendant's Reply Memorandum (Doc. No. 152), the case law provided by Defendant's counsel at the April 19, 2011 revocation sentencing hearing, Defendant's Supplemental Memorandum of Law (Doc. No. 156), and arguments made by both parties in open court, the Court concludes that the statutory maximum sentence for Defendant's breach of the conditions of her supervised release is 24 months.

On January 28, 2004, Defendant pleaded guilty to five Class C felonies and was later sentenced to 48 months imprisonment, followed by a single three-year term of supervised release. Since, Defendant has been charged with violating the conditions of her supervised release four times. On February 1, 2011, at her most recent revocation hearing, Defendant stipulated to committing a violation of the conditions of her supervised release. The parties hotly disputed the maximum sentence that 18 U.S.C. § 3583 permits for such a violation, and the Court ordered both to brief the issue. Their initial assessments fell at opposite ends of the spectrum: the United States contended that the statute allows the Court to impose a sentence of 120 months; Defendant argued that any sentence over 8 months and 26 days would contravene the statute's plain language and purpose. The Court concluded that Third Circuit precedent and common sense supported the 120-month maximum and, on April 19, 2011, sentenced Defendant to 35 months in prison. After the

Court had imposed the sentence, Defendant's counsel provided the Court and the United States with new authority, which suggested that the Court's 35-month prison term exceeded the statutory maximum by 11 months. The Court vacated Defendant's sentence and requested briefs from both parties to address the authority defense counsel provided. (Doc. No. 154.)

After thorough review of the case law and the parties' arguments, and after reviewing the audio-tape of Defendant's original sentencing proceeding, the Court concludes that the maximum revocation imprisonment sentence available is 24 months. The Court's resolution of the two issues raised by Defendant—(1) whether § 3583(h)'s limit on the amount of supervised release that a defendant can receive following a revocation-related prison term imposes an aggregate limit on the amount of prison time for a supervised release violation under § 3583(e)(3); and (2) whether the number of prison terms that can be stacked consecutively is capped by the number of supervised release terms that the Court revokes—mandates this result.

I.      *Legal Standard*

In order to determine Defendant's maximum revocation sentence, the Court must interpret the disputed provisions of § 3583. The language of the statute provides the starting point to determine a law's plain meaning. See United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989); United States v. Gregg, 226 F.3d 253, 257 (3d Cir. 2000). "If the language of the statute expresses Congress's intent with sufficient precision, the inquiry ends there and the statute is enforced according to its terms." Gregg, 226 F.3d at 257. See also Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837, 842–43 (1984) ("If the intent of Congress is clear, that is the end of the matter . . . .").

II.     *Subsection 3583(h)'s Effect on Prison Time "Authorized by Statute" Under § 3583(e)(3)*

Defendant first avers that the aggregate length of imprisonment for supervised release

violations cannot exceed the originally authorized term of supervised release. She does not argue that § 3583(e)(3)'s plain language requires this result. Indeed, the plain language makes no mention of an aggregate term: it says, if a violation of a supervised release condition occurs,[1] the court may

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation . . . more than 2 years in prison if such offense is a class C or D felony.

§ 3583(e)(3). See United States v. Hampton, 633 F.3d 334, 338–39 (5th Cir. 2011) (rejecting argument that § 3583(e)(3)'s reference to "the term of supervised release authorized by statute" sets an aggregate limit on authorized imprisonment for supervised release violations); see also United States v. Epstein, 620 F.3d 76, 80 (2d Cir. 2010) (interpreting the 2003 addition of "on any such revocation" to mean that "the statutory maximum sentences in § 3583(e)(3) apply to each discrete revocation of a defendant's supervised release, irrespective of any time served for previous violations"); United States v. Knight, 580 F.3d 933, 938 (9th Cir. 2009) (same).[2]

Even Defendant would acknowledge that subsection (e)(3), standing alone, does not restrict the aggregate prison sentence a defendant can receive for violating the conditions of her supervised

---

[1]When the defendant does not stipulate to the violation, the court must find that the violation occurred by a preponderance of the evidence. § 3853(e)(3).

[2]Although Hampton concluded that the phrase "term of supervised release authorized by statute" in § 3583(e)(3) did not itself impose an aggregate limit, it did not resolve whether § 3583(h) might create an aggregate limit by changing the amount of supervised release "authorized by statute" on a defendant-by-defendant basis. Epstein and Knight held only that the 2003 amendment, which added the phrase "on any such revocation," changed the meaning of the statute, making the 2-year limit on revocation imprisonment for Class C and D felonies applicable to every instance of revocation imprisonment, not all instances in the aggregate. Neither case assessed the meaning of the phrase "term of supervised release authorized by statute."

3

release. Defendant argues, however, that the interplay between § 3583(e)(3) and § 3583(h) sets such a limit. Subsection (h) provides that, in addition to revoking the defendant's supervised release and imprisoning the defendant, the Court

> may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

§ 3583(h). Thus, subsection (h) limits any single imposition of supervised release following a violation-related prison term to the statutorily authorized term of release for the original violation[3] minus the aggregate length of all previous imprisonment terms for supervised release violations. See Knight, 580 F.3d at 939 (noting circuit agreement as to subsection (h)'s meaning prior to the 2003 amendment and concluding that the amendment had no effect on subsection (h)). Because the time a defendant previously spent in prison for release violations reduces the amount of "supervised release authorized by statute," Defendant argues that it also reduces the maximum prison sentence permitted by § 3583(e)(3). Having served two years in prison and spent three months and five days under home confinement[4] for past supervised release violations, Defendant urges the Court to impose a maximum sentence of 8 months and 26 days—the amount of time that results when two years, three months, and five days is subtracted from the three years of supervised release authorized for Defendant's felony convictions under § 3583(b).[5]

---

[3]Subsection 3583(b) governs the maximum amount of supervised release that a court can impose upon initial sentencing.

[4]Because the Court ultimately rejects Defendant's suggestion that § 3583(h) creates an aggregate limit on the revocation imprisonment available under § 3583(e)(3), it need not resolve whether home confinement qualifies as imprisonment for purposes of Defendant's calculation.

[5]Subsection 3624(e) requires courts to impose supervised release terms concurrently, so, no matter the number of Class C felony convictions, Defendant could only have been sentenced

4

At first blush, the argument seems plausible. But a closer reading of § 3583(e)(3) reveals that Defendant's selective use of statutory language, not the statute itself, provides the basis for her position. Read in its entirety, § 3583(e)(3) sets the maximum prison sentence with reference to the "term of supervised release authorized by statute *for the offense that resulted in such term of supervised release*." § 3583(e)(3) (emphasis added). In other words, § 3583(e)(3)'s limit is offense-specific, not defendant-specific. Subsection 3583(b) prescribes a three-year supervised release limit for Class C felonies; § 3583(e)(3), in turn, reduces the maximum sentence of imprisonment for a supervised release violation to two years when the underlying felony falls into Class C. Subsection (h), on the other hand, requires the court to examine a defendant's individual history of revocation imprisonment in order to determine the maximum amount of future supervised release. It does not impose an aggregate limit on the maximum prison sentence available under § 3583(e)(3), which depends entirely upon the underlying conviction offense. To endorse Defendant's reading of § 3583 would require the Court to stray from the statute's plain meaning and ignore part of the very phrase that undergirds Defendant's aggregation argument.[6]

III.     *Consecutively Imposed Sentences of Imprisonment for Supervised Release Violation*

Having determined that § 3583(h) does not cap the prison time a defendant can serve for violating the conditions of her supervised release, the Court must examine whether it can impose consecutive sentences of imprisonment for the violation when it revokes a single term of supervised release.

---

to three years of supervised release upon initial sentencing.

[6]Defendant's arguments grounded in various canons of construction cannot overcome the plain meaning of § 3583(e)(3). See Ron Pair Enters., Inc., 489 U.S. at 241.

5

United States v. Dees, 467 F.3d 847 (3d Cir. 2006) provided the backdrop for the parties' initial debate. There, the Third Circuit held that § 3624(e), which mandates that "any term of supervised release is to run concurrently with any other term of supervised release imposed," does not impair a court's authority to impose consecutive release revocation sentences of imprisonment. Subsection 3584(a), which provides that sentences of imprisonment "may run concurrently or consecutively," vests courts with the discretion to impose consecutive sentences of imprisonment both upon initial judgment, and for release violations, even if supervised release terms themselves could be imposed only concurrently. Id. at 852.

Neither party has ever disputed Dees's holding. Initially, they quarreled over whether the Court had authority to impose more than one revocation imprisonment sentence in the first place. Now, though, they agree that the number of revocation imprisonment terms available depends entirely on the number of supervised release terms that the Court revokes. See § 3583(e)(3). In May 2005, at Defendant's original sentencing hearing, the Court imposed one three-year term of supervised release. Because the number of supervised release terms that can be imposed upon revocation depends upon the number of supervised release terms revoked, see § 3583(h), imposing a single supervised release term as part of a defendant's original sentence means that only one supervised release term can be imposed on any subsequent revocation. Thus, by sentencing Defendant to a single three-year term of supervised release in 2005, the Court can now revoke only a single term of supervised release and, as a result, can impose only a single revocation imprisonment term.[7]

---

[7] Some confusion exists in the circuit courts regarding whether an initial sentence that includes supervised release imposed by reference to a period of time (e.g., three years), without specifying the number of terms—or even one that imposes "a term" of three years—can later be interpreted as a sentence including multiple concurrent terms. In United States v.

This conclusion warrants a brief explanation, given the lack of binding authority on point and the parties' original disagreement. Like the Court's decision that § 3583(h) does not set an aggregate limit for prison sentences, the plain language of § 3583(e)(3) governs this inquiry, too. Subsection 3583(e)(3) provides that a court may "revoke *a term* of supervised release, and require the defendant to serve in prison all or part of *the term* of supervised release authorized by statute for the offense that resulted in *such term* of supervised release." § 3583(e)(3) (emphasis added). The statutory language is clear: each term of supervised release that a court revokes carries with it its

---

Eskridge, 445 F.3d 930 (7th Cir. 2006), Judge Posner endorsed the Eleventh Circuit's decision in United States v. Gresham, 325 F.3d 1262, 1263 n.1 (11th Cir. 2003), that a sentence "of 87 months in prison followed by 60 months of supervised release" meant that the 60-month supervised release term was imposed on each count, to run concurrently. Judge Posner explained, "[i]t wouldn't have made any sense for the judge to have imposed supervised release on only one count." Id. at 934. As explained in more detail below, however, Eskridge stands for the proposition that imposing "a term" of supervised release at a revocation sentencing proceeding limits the lower court's sentencing authority at a future a revocation proceeding when that "term" of supervised release is revoked. Whether a district court's ambiguous language or some circumstances specific to original sentencing (but not applicable to revocation sentencing) led to this seemingly contradictory result is not clear. In United States v. Starnes, 376 F. App'x 942 (11th Cir. 2010), also discussed below, the Eleventh Circuit found dispositive the lower court's use of "a term" at the defendant's *initial* sentencing proceeding, suggesting that the slightest difference in the words a court uses—for example, "60 months of supervised release" versus "a supervised release term of 60 months"—carries huge import.

In Defendant's case, this Court has imposed supervised release sentences twice. At Defendant's initial sentencing proceeding in May 2005, the Court imposed "a term" of three years. On July 28, 2009, the Court committed Defendant to "nineteen months' incarceration that'll be followed by one year of supervised release." (Hearing Tr, at 48 (Jul. 28, 2009).) If the exact language the Court used matters most, its use of "a term" at initial sentencing capped the number of supervised release terms it could impose at any future sentencing proceeding at one. If initial sentencing somehow differs from revocation sentencing such that "a term" imposed initially can be interpreted to mean many terms at a later date, the number of terms of supervised release that the Court now revokes remains unclear, as the Court's sentencing statement in July 2009 does not resolve the ambiguity. In an abundance of caution and recognizing the importance of fair process, especially when calculating the authority of the Court to deprive a person of her liberty, the Court will proceed as if it now revokes only one supervised release term.

own maximum prison term. Only by revoking more than one term of supervised release can more than one prison sentence result.

Circuit courts to consider § 3583(e)(3)'s affect on the number of revocation prison terms authorized by statute have reached the same conclusion. In United States v. Eskridge, 445 F.3d 930, 934 (7th Cir. 2006), the Seventh Circuit held that the district court lacked authority to impose more than one imprisonment term because it revoked only one term of supervised release. The Eleventh Circuit interpreted § 3583(e)(3) identically in United States v. Starnes, 376 F. App'x 942 (11th Cir. 2010), where it explained that "where more than one individual term of supervised release is revoked, a district court has discretion to stack revocation sentences consecutively." Id. at 944.

One might argue that § 3624(e), which requires that supervised release terms themselves run concurrently, dissuades judges from pronouncing more than one term of supervised release—after all, until a question regarding appropriate revocation imprisonment arises, whether a judge sentences a defendant to one three-year term of supervised release or five three-year concurrent terms of supervised release makes no difference at all. And if judges have no incentive to state that they are imposing more than one term of supervised release, a judge's intent to impose more than one term should control.

But the Seventh and Eleventh Circuits considered arguments like this, and both found them unpersuasive. In Eskridge, the court of appeals assessed whether the lower court's failure to specify more than one term could have been clerical error. 445 F.3d at 934. When the Seventh Circuit examined the district judge's oral pronouncement of sentence, however, it determined that the judge indeed specified a single supervised release term, and failure to be more precise was a judicial, not clerical, blunder. Id. at 35. In Starnes, the United States urged that even if a judge said "a term," he

8

must have meant multiple concurrent terms, attempting to explain away the plain meaning of the judge's supervised release pronouncement by reference to a complicated legal backdrop. 367 F. App'x at 945. The Eleventh Circuit rejected this argument because the sentencing court employed "unambiguous" language to impose a single term. Id. at 945–46.

In this Court's estimation, the most persuasive reason to presume that more than one term of supervised release was imposed even if only one appears on the record goes something like this: Section 5G1.2(b) of the Sentencing Guidelines requires courts to indicate a sentence on each and every count of conviction. C.f. United States v. Ward, 626 F.3d 179 (3d Cir. 2010) (labeling general sentence that failed to relate terms of imprisonment to underlying convictions plain error). Where courts could be deemed to follow the Guidelines requirement by interpreting single supervised release terms as multiple concurrent terms—and given that this interpretation might very well reflect what judges intended to accomplish more accurately than their oral pronouncements anyway—why not rely on common sense rather than spoken word? But though practically persuasive, the argument falls short logically: when a court is not required by statute to impose a supervised release term for each conviction, and thus could have determined that only the single term of supervised release actually imposed was warranted, the sentence stated on the record provides the only accurate indication of what sentence the judge imposed.

In Defendant's case, none of the five Class C felonies to which she pleaded guilty carries a statutorily mandated term of supervised release. The Court therefore need not have imposed any supervised release at all, let alone five concurrent terms. The record makes clear that the Court sentenced Defendant to a single 3-year term of supervised release in May 2005. And because § 3583(e)(3) unmistakably ties each revoked term of supervised release to the revocation imprisonment that may follow, the Court's imposition of a single term of supervised release in 2005

9

limits the number of authorized revocation imprisonment terms that the Court may now impose to one.

IV. *Conclusion*

Defendant's argument that § 3583(h) imposes an aggregate limit on the revocation imprisonment sentences available under § 3559(e)(3) missed the mark. But her second challenge—that the Court could not impose more than one term of revocation imprisonment because it revoked only one term of supervised release—convinces the Court that the 120-month maximum initially pressed for by the United States overstated the Court's statutory authority. As Defendant pleaded guilty to five Class C felonies, the Court may sentence Defendant to a term of revocation imprisonment of no more than 24 months. See § 3559(e)(3) (imposing a 2-year limit on revocation imprisonment for Class C felonies).

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.